# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2020

Lyle W. Cayce
Clerk

No. 20-60003

Douglas Keith Terranova, an individual; Terranova
Enterprises, Incorporated, a Texas Corporation,

*Petitioners*,

*versus*

United States Department of Agriculture,

*Respondent*.

Petition for Review of an Order of the
United States Department of Agriculture
AWA Docket Nos. 15-58, 15-59, 16-37, 16-38

Before Wiener, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

Petitioners Douglas Keith Terranova and Terranova Enterprises, Inc.
(collectively, "Petitioners") seek review of a decision and order of the
Secretary of the United States Department of Agriculture ("USDA")
determining that they violated various provisions of the Animal Welfare Act

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60003

("AWA") and its implementing regulations, imposing civil penalties, and revoking the exhibitor license granted to Terranova Enterprises, Inc. We conclude that the Secretary's order was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and that it was supported by substantial evidence. We therefore deny the petition for review.

I.

Petitioners provide wild animals such as tigers and monkeys for movies, circuses, and other entertainment. Terranova Enterprises, Inc. holds an exhibitor license issued by the Animal and Plant Health Inspection Service ("APHIS"), an agency of the USDA. In January 2015 and January 2016, APHIS filed complaints against Petitioners, alleging that: (1) they willfully violated multiple provisions of the AWA and the regulations promulgated thereunder and (2) they knowingly violated a cease and desist order issued in 2011 ordering them to refrain from future violations of the AWA.

After consolidating the complaints and conducting a hearing, the Administrative Law Judge ("ALJ") issued a decision concluding that Petitioners committed four violations of the AWA, that three of those violations were willful, and that APHIS failed to prove the remainder of the alleged violations by a preponderance of the evidence. The ALJ issued a cease and desist order directing Petitioners to refrain from further violations of the AWA, suspending the exhibitor license issued to Terranova Enterprises, Inc. for thirty days, assessing a $10,000 penalty against Petitioners for their violations of the AWA, and imposing a $11,550 civil penalty for Petitioner's knowing failure to obey a prior cease and desist order.

No. 20-60003

Both parties appealed the ALJ's decision and order to a Judicial Officer of the USDA.[1] The Judicial Officer concluded that Petitioners committed each of the violations of the AWA alleged in the consolidated complaints. The Judicial Officer revoked the exhibitor license issued to Terranova Enterprises, Inc., imposed a $35,000 joint and several penalty against Petitioners for their violations of the AWA, and imposed a $14,850 civil penalty against each of the Petitioners for their knowing failure to obey a prior cease and desist order.

After the Judicial Officer denied Petitioners' motion to reconsider, Petitioners timely petitioned this court for review of the Judicial Officer's decision and order. Petitioners complain that the determinations of the Judicial Officer that they violated the AWA are not supported by substantial evidence, that the Judicial Officer improperly shifted the burden of proof to them, and that the Judicial Officer abused her discretion in revoking the exhibitor license issued to Terranova Enterprises, Inc.

II.

We have jurisdiction to review the final order of the Secretary, as issued by a Judicial Officer, pursuant to 7 U.S.C. § 2149(c). Our review of "the decision of an administrative agency is narrow." *Allred's Produce v. U.S. Dep't of Agric.*, 178 F.3d, 743, 746 (5th Cir. 1999). We will uphold the Secretary's order unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law [or] unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *Cmty. Care, LLC v. Leavitt*, 537 F.3d 546, 548 (5th Cir. 2008). We will not substitute our own judgment for that of the Secretary, and we will only set aside the order if it is "unwarranted in law

---

[1] The Judicial Officer has final authority to issue decisions on behalf of the Secretary in formal adjudicatory proceedings. *See* 7 C.F.R. § 2.35(a).

or without justification in fact." *Allred's Produce*, 178 F.3d at 746 (citations omitted). This deferential standard requires that Judicial Officer's factual findings be upheld as long as they are supported by substantial evidence. *Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 453–54 (5th Cir. 2015) "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004) (internal quotation marks and citation omitted)). In making factual findings, the Judicial Officer may substitute her judgment for that of the ALJ. 5 U.S.C. § 557(b); *Knapp*, 796 F.3d at 454. However, when the Judicial Officer does not accept the findings of the ALJ, we must examine the evidence and findings of the Judicial Officer more critically than we would if the Judicial Officer and the ALJ were in agreement. *Id.*

We review the Judicial Officer's legal conclusions de novo but with the appropriate level of deference to her interpretations of the AWA and of USDA regulations. *Knapp*, 796 F.3d at 454. We review the Judicial Officer's choice of sanction for abuse of discretion. *Id.* We may overturn the sanctions only if they are "unwarranted in law or without justification in fact." *Id.* (quoting *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 186 (1973)).

III.

A.

Petitioners contend that the Judicial Officer improperly shifted the burden of proof to them, requiring them to disprove the allegations that they violated the AWA. Pursuant to 5 U.S.C. § 556(d), the USDA had the burden of proof to establish that Petitioners violated the AWA. The Judicial Officer did not shift the burden of proof to Petitioners when she weighed the

No. 20-60003

evidence presented. Rather, she concluded that the preponderance of the evidence supported the conclusion that Petitioners committed the alleged violations.

Petitioners also contend that the findings of the Judicial Officer that they violated various provisions of the AWA are not supported by substantial evidence. Both the ALJ and the Judicial Officer determined that Petitioners committed the following violations of the AWA:

> (1) August 2, 2010 willful violation of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126(a) by failing to have a responsible person available to provide access to APHIS officials to conduct compliance investigations;
>
> (2) September 28, 2012 violation of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126(a) by failing to provide access to allow APHIS officials to conduct an inspection;[2]
>
> (3) April 20, 2013 willful violations of 9 C.F.R. §§ 2.131(b)(1), (c)(1), and (d)(3) by failing to handle an adult tiger with sufficient distance and/or barriers between the tiger and the public and failing have the tiger under the direct control and supervision of a knowledgeable and experienced handler;[3] and

---

[2] The ALJ concluded that this violation of the AWA was not willful. However, only one violation of the AWA must be willful to revoke or suspend an exhibitor's license. *See* 7 U.S.C. § 2149; *Cox v. U.S. Dep't of Agric.*, 925 F.2d 1102, 1105 (8th Cir. 1991) (noting only one willful violation is needed to revoke a license); *see also Pearson v. U.S. Dep't of Agric.*, 411 F. App'x 866, 872 (6th Cir. 2011) (same). Whether the September 28, 2012 violation was willful is not material.

[3] The ALJ treated this incident as a single violation of the AWA. The Judicial Officer concluded that this incident resulted in two violations of the AWA because Petitioners (1) failed to handle an adult tiger with sufficient distance and/or barriers between the tiger and the public, in violation of 9 C.F.R. § 2.131(c)(1) and (2) failed to have the tiger under the direct control and supervision of a knowledgeable and experienced handler, in violation of 9 C.F.R. § 2.131(d)(3).

No. 20-60003

> (4) November 14-19, 2015 willful violations of 9 C.F.R. § 2.126(c) by failing to timely submit an accurate travel itinerary for several animals.[4]

We agree that there is substantial evidence to support these violations.

The consolidated complaints also allege that petitioners committed numerous violations of the AWA by failing to meet the minimum standards promulgated under Part 3 of the Act. Those violations included the following:

> (1) March 10, 2011 violations of 9 C.F.R. §§ 3.125(a) and 3.128 by failing to maintain the tiger enclosures properly;
>
> (2) September 25, 2013 violations of 9 C.F.R. §§ 3.76(c), 3.125(a), and 3.131(c) related to facilities upkeep;
>
> (3) January 8, 2015 violation of 9 C.F.R. § 3.127(b) by failing to provide tigers with adequate shelter from inclement weather;
>
> (4) May 13, 2015 violation of 9 C.F.R. § 2.126(c) by failing to timely submit an accurate travel itinerary for two groups of tigers;
>
> (5) May 13, 2015 violations of 9 C.F.R. §§ 3.75(b), 3.75(c)(1)(i), 3.77(c), 3.125(a), and 3.131(c) related to minimum standards for housekeeping and housing;
>
> (6) May 13, 2015 violation of 9 C.F.R. § 3.81 by failing to make an environmental enrichment plain available on request.

Petitioners maintain that there is not substantial evidence to support the aforementioned violations.[5] Even under the more critical standard employed

---

[4] The ALJ treated this incident as a single violation of the AWA. The AWA provides that "[e]ach violation and each day during which a violation continues shall be a separate offense." 7 U.S.C. § 2149(b). The Judicial Officer concluded that this incident resulted in six violations of the AWA because each day of the November 14-19 travel itinerary violation constituted a separate violation of the Act.

[5] The Complaints also alleged, and the Judicial Officer agreed, that Petitioners violated 9 C.F.R. § 2.40(a)(1) on May 13, 2015 by failing to have a complete written program of veterinary care. In their principal brief on appeal, Petitioners do not challenge

No. 20-60003

when the ALJ and Judicial Officer disagree, *see Knapp*, 796 F.3d at 454, we conclude there is substantial evidence to support these violations.

B.

Petitioners also contend that the Judicial Officer abused her discretion in revoking the exhibitor license issued to Terranova Enterprises, Inc. The AWA authorizes the Secretary to revoke an exhibitor's license following a single, willful violation of the Act. *See* 7 U.S.C. § 2149; *Cox*, 925 F.2d at 1105; *see also Pearson*, 411 F. App'x at 872. Further, APHIS recommended that the exhibitor license issued to Terranova Enterprises, Inc. be revoked. Although the recommended sanction is not dispositive, "[t]he administrative recommendation as to the appropriate sanction is entitled to great weight, in view of the experience gained by the administrative officials during their day-to-day supervision of the regulated industry." *See Knapp*, 796 F.3d at 466 (quoting *In re S.S. Farms Linn Cnty., Inc.*, 50 Agric. Dec. 476, 497 (U.S.D.A. 1991)). Petitioners committed more than one willful violation of the AWA, so we cannot say that revocation of the license issued to Terranova Enterprises, Inc. is "unwarranted in law or without justification in fact." *Knapp*, 796 F.3d at 454 (quoting *Butz*, 411 U.S. at 186).

IV.

The petition for review is DENIED.

---

the Judicial Officer's determination related to that violation. Any argument regarding the May 13, 2015 violation of 9 C.F.R. § 2.40(a)(1) is therefore waived. *See, e.g., Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) (concluding that issues not briefed on appeal are waived).